1 | Peter R. Afrasiabi (Bar No. 193336)
Email: pafrasiabi@onellp.com
2 | John Tehranian (Bar No. 211616)
Email: jtehranian@onellp.com
3 | **ONE LLP**
4000 MacArthur Blvd.
4 | East Tower, Suite 500
Newport Beach, CA 92660
5 | Telephone:   (949) 502-2870
Facsimile:    (949) 258-5081
6 |
7 | Attorneys for Plaintiff,
Harold Lloyd Entertainment, Inc.
8 |

9

### UNITED STATES DISTRICT COURT

10

### CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  HAROLD LLOYD ENTERTAINMENT, INC., a California corporation, | Case No. |
| 13 | **COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)** |
| 14               Plaintiffs, | **DEMAND FOR JURY TRIAL** |
| 15        v. | |
| 16 | |
| 17  MACKLOWE PROPERTIES, INC., a New York corporation; CIM GROUP, L.P., a California limited partnership; PHOTOFEST, INC., a New York corporation; and DOES 1-10, inclusive, | |
| 18 | |
| 19 | |
| 20               Defendants. | |

21
22
23
24
25
26
27
28

---

**COMPLAINT**

HAROLD LLOYD ENTERTAINMENT, INC. ("HLE"), by and through their attorneys of record, complains against MACKLOWE PROPERTIES, INC. ("Macklowe"), CIM GROUP, L.P. ("CIM"), PHOTOFEST, INC. ("Photofest"), and DOES 1 through 10, (collectively, "Defendants") as follows:

### JURISDICTION AND VENUE

1.      This is a civil action seeking damages and injunctive relief against Defendants Macklowe, Photofest and DOES 1 through 10 for willful copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*.

2.      This Court has subject matter jurisdiction under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq*., 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyright).

3.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, the Defendants may be found and transact business in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District.  Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California, as detailed below.

### PARTIES

4.      Plaintiff HLE is a corporation formed under the laws of the state of California with its principal place of business at 11433 Berwick St., Los Angeles, California 90049.

5.      Plaintiff is informed and believes and, upon such, alleges that Defendant Macklowe is a corporation organized under the laws of the state of New York with its corporate office located at 767 Fifth Avenue, 21st Floor, New York, NY 10153.  Defendant Macklowe's website at www.mackloweproperties.com shows rental properties and projects not only in New York City, but additionally in Long Beach, California.  Macklowe's website additionally boasts that its real estate developments in NYC "have totaled over 13 million square feet and have taken place in nearly every commercial and residential submarket of Manhattan."  Upon information and belief, Defendant Macklowe owns and

1

operates the website www.432parkavenue.com, which caters its upscale properties to worldwide potential tenants (the website is available in English, Russian, Portuguese, Spanish, Japanese, French and Italian languages), including Californians.  Upon information and belief, Defendants have engaged in continuous and systematic business with California residents and, upon information and belief, derive substantial revenues from commercial activities in and/or related to California.

6.    Plaintiff is informed and believes and, upon such, alleges that Defendant CIM is a limited partnership organized under the laws of the state of California with its corporate office located at 6922 Hollywood Blvd., Suite 900, Los Angeles, California 90028.

7.    Plaintiff is informed and believes and, upon such, alleges that Defendant Photofest is a corporation organized under the laws of the state of New York with its corporate office located at 32 East 32nd Street #5, New York, NY  10016.  On information and belief, Defendant Photofest operates the website located at www.photofestnyc.com, "an agency and archive which specializes in entertainment stock photography."  Photofest boasts that "the archive is famous for its extensive collection of film stills.  Photofest images have appeared in thousands of books, TV bios, documentaries, and major magazines and newspapers."  These photos are available to customers via the website, and upon information and belief, Defendants have engaged in continuous and systematic business with California residents and, upon information and belief, derive substantial revenues from commercial activities in and/or related to California.

8.    The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

/ / /

/ / /

/ / /

# FACTS

*Harold Lloyd and the Iconic Clock Scene in "Safety Last!"*

9.     "Safety Last!" is one of the most successful and critically lauded movies in Hollywood history.  The movie has repeatedly made it on the American Film Institute's list of the top one hundred movies of all-time and it was recently re-released as part of the acclaimed Criterion Collection.  The movie also cemented the status of its star, Harold Lloyd, as one of the most famous leading men and comedians of the Hollywood's Golden Era.

10.     The denouement of "Safety Last!" features one of the most iconic images in cinema.  It is a scene that is veritably world famous: Harold Lloyd, bespeckled with black rim glasses and donning a sharp, close-cropped black suit and black-rimmed hat, dangling perilously from the hands of a giant clock.  Attached, as Exhibit A, is a true and correct copy of the iconic scene from "Safety Last!"

11.     HLE is the owner of all rights, title and interest in the copyrights to the movie "Safety Last!" and all derivatives thereof, which substantially consist of material wholly original with Plaintiff and which is copyright subject matter under the laws of the United States.  HLE has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights.  "Safety Last!" has been registered with the United States Copyright Office, U.S. Copyright Registration No. LU18608, and properly renewed, U.S. Copyright Renewal No. R59385.

12.     For good and valuable consideration, HLE has selectively licensed the iconic image of Harold Lloyd hanging from the clock, and derivatives thereof.  The 1985 blockbuster "Back to the Future" licensed the rights to create a derivative version of the clock scene when it obtained permission from HLE to feature a scene where star Christopher Lloyd dangled perilously from a the hands of a giant clock.  More recently, Martin Scorsese's critically acclaimed children's movie "Hugo" licensed the rights to create a derivative version of the clock scene when it obtained permission from HLE to

**COMPLAINT**

1  feature a scene where star Asa Butterfield dangled perilously from the hands of a giant

2  clock.

3         *432 Park Avenue, the Defendants and Their Willful Infringing Activity*

4       13.    432 Park Avenue is a new and ultra-luxurious residential high-rise

5  development on iconic Park Avenue in New York City.  According to Defendants

6  Macklowe and CIM Group, the project's co-developers, 432 Park Avenue "will be the

7  tallest residential tower in the Western Hemisphere upon its completion" in 2015.

8       14.    Dubbed by Macklowe and CIM as "a new icon" in the New York skyline, 432

9  Park Avenue also represents a new icon in New York's frothy ultra-high-end real estate

10  market.  Residences at 432 Park Avenue will not come cheap.  Macklowe and CIM's

11  listing of available units in the high-rise start at whopping $21,750,000 and go for up to

12  $79,500,000.

13       15.    Unfortunately, Defendants have created, distributed and/or commercially

14  exploited advertising materials for the 432 Park Avenue project, including materials found

15  on an interactive website located at www.432parkavenue.com, that directly and willfully

16  infringe on the copyrights of HLE by, *inter alia*, directly reproducing, distributing and

17  publicly displaying—without authorization or payment—the iconic clock scene from

18  "Safety Last!"  Attached, as Exhibit A, is a true and correct copy of a screencapture of the

19  432 Park Avenue property advertising website showing the infringing image.

20       16.    Photofest put together and "created" said marketing materials, including the

21  infringing image, for the 432 Park Avenue project for Macklowe and CIM and, in that

22  capacity, illicitly received payment from Macklowe and CIM therefor.

23       17.    On information and belief, Photofest has also prepared other marketing,

24  advertising and visual campaigns featuring the iconic clock scheme from "Safety Last!"

25  and/or other HLE intellectual properties for remuneration for other third parties without

26  authorization from or payment to HLE and in wanton and willful infringement of HLE's

27  rights.

28  / / /

4

**COMPLAINT**

18.     Defendants are sophisticated corporations with full knowledge of the strictures of intellectual property law and the need to secure property licenses for the use thereof. Defendant Photofest, however, has unabashedly claimed that it knowingly and consciously did not seek a license from HLE for the use of the iconic clock scene and, to make matters worse, it even charged Macklowe and CIM for a license to use the photograph and pocketed the money for itself.   Defendant Macklowe and CIM, for their part, have pointed their fingers at Photofest but, even after being informed of the infringing use, did not take the image down for a significant period of time, and thereby continued to infringe the image in willful violation of HLE's rights.  The screencapture on Exhibit A shows the infringing image live on February 27, 2014—well after Macklowe and CIM had received and acknowledged notification of the infringement.

19.     Defendants possess no valid permission, consent, or license to reproduce, publicly display, distribute or make any other the movie, its stills or its iconic imagery, or any derivatives thereof. As such, Defendants' unauthorized exploitation violates HLE's exclusive rights, as secured under the federal Copyright Act, 17 U.S.C. § 106, and constitutes wholesale copyright infringement.

20.     It is unknown how long these alleged violations have been occurring. However, said violation of HLE's exclusive rights under 17 U.S.C. § 106 are in wanton and in willful disregard of HLE's legal rights.

21.     Specifically, HLE has attempted to resolve this case short of litigation.  After months of efforts on that front, Defendants have gone completely silent and failed to respond to Plaintiff's continuing inquiries and attempts to settle this matter.  Indeed, they have flatly refused to pay a single penny to compensate HLE for the infringement of its intellectual property—a deeply problematic position considering the multi-billion dollar nature of the 432 Park Avenue project for which HLE's works were used in advertising.

22.     Thus, although every possible effort has been made to avoid litigation, Defendants have given Plaintiff no alternative but to file suit to protect its basic intellectual property rights from willful infringement.

**COMPLAINT**

**CLAIM FOR RELIEF**

**(Copyright Infringement, 17 U.S.C. § 501)**

23.    Plaintiff HLE incorporates here by reference the allegations in paragraphs 1 through 22 above.

24.    HLE is the owner of all rights, title and interest in the copyrights to the movie "Safety Last!" (the "Work") and all derivatives thereof, and said Work was timely registered with the Copyright Office as noted *supra*.

25.    Defendants have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe HLE's copyrights by willfully reproducing, displaying, distributing, and creating derivative versions thereof, of the Work in violation of 17 U.S.C. § 501 *et seq.*

26.    All of the Defendants' acts are and were performed without the permission, license or consent of HLE.

27.    The said wrongful acts of Defendants have caused, and are causing, great injury to HLE, which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, HLE will suffer irreparable injury, for all of which it is without an adequate remedy at law.  Accordingly, HLE seeks a declaration that Defendants are infringing HLE's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of HLE's copyrights.

28.    As a result of the acts of Defendants alleged herein, HLE has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.    For an order permanently enjoining Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or

6

**COMPLAINT**

participation with them, from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or engaging in any other form of dealing or transaction in, any and all products and services (including advertising and promotional materials, print media, signs, internet web sites, or any other media related thereto), either now known or hereafter devised,  that infringe, contributorily infringe, vicariously infringe, or induce infringement of Plaintiff's copyrights in and to the Work;

2.    For the entry of a seizure order directing the U.S. Marshall to seize and impound all items possessed, owned or under the control of Defendants, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon HLE's copyrights, including but not limited to any and all products, broadcasting materials, advertising materials, print media, signs, Internet web sites, domain names, computer hard drives, servers or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon HLE's copyrights in the Work as well as all business records related thereto, including, but not limited to, lists of advertisers, clients, manufacturers, suppliers, customers, viewers, distributors, invoices, catalogs, and the like;

3.    For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement and to reimburse HLE for all damages suffered by Plaintiffs by reasons of Defendants' acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

4.    For an accounting of all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringe upon HLE's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

5.    For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c);

6.    For costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 505;

7

**COMPLAINT**

7.   For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505; and

8.   For any such other and further relief as the Court may deem just and appropriate.

Dated: June 6, 2014                    **ONE LLP**


By:   /s/ John Tehranian
      John Tehranian
      Attorneys for Plaintiff,
      Harold Lloyd Entertainment, Inc.

8

**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: June 6, 2014                    **ONE LLP**


                                       By:  /s/ John Tehranian
                                            John Tehranian
                                            Attorneys for Plaintiff,
                                            Harold Lloyd Entertainment, Inc.

**COMPLAINT**